UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES BYRD

        Petitioner,

vs.                          2:08-cv-547-FtM-29SPC
                                  2:07-cr-17-FTM-29SPC

UNITED STATES OF AMERICA

        Respondent.
_____

## **OPINION AND ORDER**

On July 10, 2008, petitioner Charles Byrd filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody (Doc. #1). Petitioner raised three issues claiming ineffective assistance of counsel. The government's Response (Doc. #6) requested an evidentiary hearing. The undersigned then entered an Order (Doc. #8) referring the matter to the magistrate judge, who appointed counsel to represent petitioner (Doc. #12). The magistrate judge conducted an evidentiary hearing on September 11, 2008, and on October 2, 2008, submitted a Report and Recommendation (Doc. #27) to the Court recommending that petitioner's § 2255 motion be denied. Petitioner filed an Objections and Memorandum in Opposition to Magistrate [Judge]'s Report and Recommendation Findings (Doc. #29) on October 13, 2008.

## I.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)).  The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

## II.

After a detailed review of the evidence and testimony, the magistrate judge concluded that defense counsel did not provide ineffective assistance of counsel in failing to file a notice of appeal as initially requested by petitioner.  This finding was based in part on credibility determinations where the testimony of counsel differed from the testimony of petitioner.  After reviewing the record, including reading the transcript of the evidentiary

hearing on the § 2255 motion, the undersigned adopts the credibility findings of the magistrate judge and her factual findings. Given these findings, it is clear that defense counsel did not provide ineffective assistance of counsel by failing to file a notice of appeal. Petitioner's objections to the contrary (Doc. #29, p. 1) are overruled.

The magistrate judge also found that defense counsel's conduct in connection with petitioner's booking photograph did not constitute ineffective assistance of counsel. After a full review of the record, and having presided over the trial, the undersigned adopts the factual findings of the magistrate judge as to this issue, as well as the legal conclusion that counsel's performance was neither deficient or the cause of prejudice to petitioner. Petitioner's objections (Doc. #29, pp. 2-4) are overruled.

Finally, the undersigned also adopts the factual findings and legal conclusions of the magistrate judge as to the third claim of ineffective assistance of counsel. No objections were filed as to this issue, and the Court finds there was no constitutionally ineffectiveness as to defense counsel's consultation with petitioner.

In sum, after reviewing the Report and Recommendation and the transcript of the evidentiary hearing, as well as the entire record, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge. Accordingly, the Court will adopt the Report and Recommendation, overrule the

objections, and will deny the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody (Doc. #1).

Accordingly, it is now

**ORDERED:**

1.   The Magistrate Judge's Report and Recommendation (Doc. #27) is **accepted and adopted,** and it is specifically incorporated into this Opinion and Order.

2.   Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by Person in Federal Custody (Doc. #1) (Doc. #70 in Case No. 2:07-cr-17) is **DENIED.**

3.   Petitioner's motion to proceed as a poor person/motion for Production of Transcripts (Doc. #7) is **GRANTED IN PART AND DENIED IN PART.**   The motion is granted to the extent that petitioner was found to be indigent for purposes of appointing counsel, and is otherwise denied as moot as to the request for production based on the appointment of counsel and later request for production on behalf of counsel.

4.   The Clerk of the Court shall enter judgment accordingly and close the civil file.   The Clerk shall place of copy of the civil Judgment in the criminal file, Case No. 2:07-cr-17.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of October, 2008.

JOHN E. STEELE
United States District Judge

-4-

Copies:
U.S. Magistrate Judge
Charles Byrd
Counsel of Record